## The Marquette-Bailey Lumber Company *v.* Gibboney, Appellant.

*Sales—Contracts—Agency—Authority of agent—Compromise.*

In an action of assumpsit on a written contract for sale of lumber, a defense that the contract had been rescinded by a compromise with the agent of the plaintiff is invalid, where there is not sufficient evidence of the authority of the agent to release the original obligation.

The agent clearly had no implied authority to relieve the defendant from the legal claim of the plaintiff and there was nothing in the evidence to support the position that there was express authority so to do.

Argued October 24, 1927. Appeal No. 51, October T., 1927, by defendant from judgment C. P., Bedford County, November T., 1923, No. 95, in the case of The Marquette-Bailey Lumber Company v. George H. Gibboney, trading as Cottage Planing Mill Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit for material sold and delivered. Before BAILEY, P. J.

The facts are stated in the opinion of the Superior Court and in the report of a former appeal at 87, Pa. Superior Ct. 243.

Verdict for plaintiff in the sum of $1,771.04 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the Court and refusal of defendant's motion for judgment non obstante veredicto.

*Alvin L. Little,* and with him *S. H. Sell,* for appellant.

*H. E. Hackney,* of *Shelby, Hacknēy & Ray,* and with him *E. M. Pennell* and *T. W. W. Henderson,* for appellee.

OPINION BY HENDERSON, J., December 15, 1927:

This case was before us on a former appeal, 87 Pa. Superior Ct. 243 and was sent back for a retrial for the reasons given in the opinion then filed. Substantially the same testimony was introduced at the second trial. Plaintiff's claim was for a carload of Wisconsin white pine lumber sold by the plaintiff to the defendant on a written order of the latter accepted in writing by the former. The contract called for delivery f. o. b. at the defendant's railroad station. The car was forwarded in due time and on its arrival was superficially inspected, after which the defendant notified the plaintiff that the quality was not what he expected and understood the plaintiff would ship. He therefore, declined to accept the lumber and notified the shipper to that effect. The defendant attempted to introduce a defense that representations as to quality were made to him by an agent of the plaintiff about three months before the lumber was ordered but there was an entire absence of evidence to show any written or verbal representations with respect to the lumber shipped except as contained in the order and acceptance which constituted the contract. These show a complete contract deliberately entered into and there is no competent evidence to support a contention that either fraud, accident or a mistake led the defendant to enter into it. The writings, therefore, constitute the contract and parole evidence was inadmissible to add to it or detract from it: Gianni v. Russell, 281 Pa. 320. Under the evidence it is conclusively presumed that the whole engagement of the parties and the

manner of its performance were expressed in the writings. By the delivery of the lumber on the car at the designated station the plaintiff performed according to the tenor of the agreement. The defendant undertook to show that he was relieved by an arrangement entered into with Cobler, an agent of the plaintiff, who was sent by the latter to see the defendant after the notice was sent that the lumber would not be accepted. This defense was in substance that the contract was rescinded through an agreement made by the agent that the defendant should unload the lumber and pay the carrying charges of the railroad company, for which he would be reimbursed by the plaintiff, the lumber to be removed by the plaintiff when sold; the effect of which was claimed to be to relieve the defendant from liability and restore the title of the shipment to the plaintiff. The invalidity of this defense exists in the fact that sufficient evidence does not appear of any authority in Cobler to discharge the defendant from his liability. Under the view of the testimony most favorable to the defendant the agent was sent to him to try to make some adjustment if possible. No question of a compromise had arisen and there was propriety in sending the agent to learn whether any foundation existed for the defendant's complaint.

The alleged arrangement with the agent was had on Saturday, April 28th; on the following May 3rd, the plaintiff wrote to the defendant informing him that Cobler had no authority to make the arrangement the defendant asserted and that the plaintiff insisted on performance of the contract of purchase. There could have been no misunderstanding, therefore, between the parties as to their respective attitudes. The agent clearly had no implied authority to relieve the defendant from the legal claim of the plaintiff and nothing which has been brought to our attention in the evidence supports the position that there was express authority so to do. An attempt was made to show a ratification

by the plaintiff of the act of Cobler to the effect that in a conversation between the defendant and the secretary of the plaintiff company, on September 5th of the same year, the defendant stated to the secretary the terms of his agreement with Cobler and the secretary did not deny the "right of Mr. Cobler to make that arrangement." As the parties were then dealing at arm's length no duty rested on the secretary to make such denial. Assuming the silence of the secretary, it nowhere appears that the defendant was misled or prejudiced by the omission to speak. There was no misunderstanding between the parties at that time that their attitudes were hostile and no subsequent action of the defendant rested on the belief induced by the alleged silence of the company's secretary that the contract was rescinded. A review of the whole case leads us to the conclusion that the judgment of the court is well supported by the law and the evidence. It is, therefore, affirmed.